UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **Acushnet Company, a Delaware Corporation,** | § § § § § § § § § § § § § § § § | C.A. NO. ____ **05 11108 DPW** PLAINTIFF'S APPLICATION TO IMPOUND FILE PENDING HEARING ON ORDER TO SHOW CAUSE<br><br>AND<br><br>REQUEST FOR ORAL ARGUMENT<br><br>FILED UNDER SEAL PURSUANT TO 15 U.S.C. § 1116 |
| Plaintiff, | | |
| v. | | |
| **City Sports, Inc., a Massachusetts corporation, John and Jane Does 1-100 and XYZ Corporations 1-100,** | | |
| Defendants. | | |

Plaintiff Acushnet Company ("Acushnet") respectfully requests that this Court impound the file in this matter until the date for hearing on Acushnet's motion for a preliminary injunction, pursuant to Local Rule 7.2.

In this action, Acushnet is requesting an *ex parte* temporary restraining order and preliminary injunctive relief for trademark counterfeiting pursuant to the Trademark Counterfeiting Act of 1984, 15 U.S.C. § 1116(d) (the "Act"). Impounding the file is necessary, in the first instance, to prevent Defendants from learning of these proceedings prior to the service of any temporary restraining order. If Defendants were to learn of these proceedings prematurely, the likely result would be the removal, destruction or other disposal of products bearing the counterfeit marks and relevant documentary evidence, which would frustrate the purposes underlying the Trademark Counterfeiting Act (the "Act") and would interfere with this Court's power to grant meaningful relief. At the same time, impounding the file is appropriate to

1

protect the Defendants from unwarranted publicity prior to the Defendants having an opportunity to respond to Acushnet's motion for a preliminary injunction. This too is within the policy of the Act.

A Proposed Impoundment Order is submitted herewith.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Acushnet hereby requests oral argument on its application to impound the file in this matter until the date for hearing on Acushnet's motion for a preliminary injunction. In respect of its core Titleist golf ball product line, Acushnet is confronted with a nationwide counterfeiting ring, by its nature deceptive and irreparably damaging to Acushnet's reputation and good will. For the reasons set forth above concerning the risk of Defendants' removal, destruction or other disposal of products bearing the counterfeit marks and relevant documentary evidence should they learn of these proceedings prematurely, Acushnet requests this Court to grant oral argument on this application.

Dated: May 27, 2005

| | |
|---|---|
| Harley I. Lewin (HL 1819)<br>GREENBERG TRAURIG, LLP<br>200 Park Avenue, 20th Floor<br>New York, NY 10166<br>(212) 801-9200<br>(Application for admission Pro Hac Vice pending)<br><br>Katherine Compton<br>GREENBERG TRAURIG, LLP<br>State Bar No. 04652100<br>600 Three Galleria Tower<br>13155 Noel Road<br>Dallas, Texas 75240<br>Telephone: (972) 419-1250<br>Facsimile: (972) 419-1251<br>(Application for admission Pro Hac Vice pending) | Respectfully submitted,<br><br>Acushnet Company<br><br>By its attorneys,<br><br>*/s/ Roger A. Lane*<br><br>Roger A. Lane, BBO#551368<br>Salo L. Zelermyer, BBO#661228<br>GREENBERG TRAURIG, LLP<br>One International Place, 20th Floor<br>Boston, MA 02110<br>Tel: (617) 310-6000<br>Fax: (617) 310-6001 |

bos-srv01\164854v01