UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Acushnet Company, a Delaware Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>City Sports, Inc., a Massachusetts corporation, John and Jane Does 1-100 and XYZ Corporations 1-100,<br><br>    Defendants. | § C.A. NO. 05 11108 DPW<br>§<br>§<br>§ STIPULATION AND ORDER FOR<br>§ TEMPORARY RESTRAINING<br>§ ORDER AND FOR EXPEDITED<br>§ PRODUCTION OF DOCUMENTS<br>§<br>§ FILED UNDER SEAL PURSUANT<br>§ TO 15 U.S.C. § 1116 |

  The named parties to this action, Acushnet Company ("Acushnet" or "Plaintiff") and City Sports, Inc. ("City Sports" or the "Named Defendant"), having STIPULATED and AGREED to the entry of a temporary restraining order, pursuant to Federal Rule of Civil Procedure 65 and for limited expedited discovery on the terms set forth below, applicable to City Sports' purchase and sale of golf balls and packaging bearing the Titleist Pro V1 trademark (other than any "refurbished" golf balls as that term is used in the industry);

  IT IS HEREBY ORDERED that City Sports, its officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through or under them, are

hereby restrained and enjoined, for a period of ten (10) days, to and including June 11, 2005, and for a further period of three (3) days, to and including June 14, 2005 when a further hearing will be at 2:00 p.m. in Courtroom 1 of the United States Courthouse in Boston, from:

 (a) Using in any manner the Plaintiff's federally registered Pro V1 trademark alone or in combination with any word or words which so resemble said trademark as to be likely to cause confusion, deception, or mistake on or in connection with the advertising, offering for sale, or sale of any product not Acushnet's or not authorized by Acushnet to be sold, bearing the Pro V1 trademark;

 (b) Passing off, reverse passing off, inducing, or enabling others to sell or pass off any products that are not genuine Acushnet merchandise bearing the Pro V1 trademark;

 (c) Committing any acts calculated to cause purchasers to believe that Defendants' products bearing the Pro V1 trademark are genuine Acushnet merchandise unless they are those sold under the control and supervision of Acushnet, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Acushnet;

 (d) Shipping, delivering, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Acushnet, or not authorized by Acushnet to be sold or offered for sale, bearing the Pro V1 trademark; and

IT IS FURTHER ORDERED, that on or before Friday, June 3, 2005, City Sports shall produce to Acushnet's counsel all documents in the possession, custody or control of City Sports relating to City Sports' orders, purchases, receipt, payment, sales or offers for sale and/or return of Titleist Pro V1 golf balls for the period January 1, 2003, through and including May 31, 2005; and

IT IS FURTHER ORDERED, that for the duration of this Order, without admitting or acknowledging it is in possession of each and every category or type of document or thing described below and governed by this Order, the Defendant, City Sports, Inc., its agents, servants, employees, attorneys, and any persons acting in concert

or participation with them, or having knowledge of this Order by personal service or otherwise be, and they are hereby, prohibited from:

    (a)    destroying or otherwise disposing of any products, labels, or other items, merchandise or documents bearing, relating to or used for reproducing the Pro V1 trademark, or any reproduction, counterfeit, or copy or colorable imitation thereof; and

    (b)    destroying or otherwise disposing of any computer tapes or disks, business records or documents relating in any way to the manufacture, acquisition, purchase, distribution or sale of goods bearing the Pro V1 trademark or any reproduction, counterfeit, copy or colorable imitation thereof.

STIPULATED AND AGREED:

| Acushnet Company<br><br>By its attorneys,<br><br>*/s/ Roger A. Lane*<br>―――――――――――――――<br>Roger A. Lane, BBO#551368<br>Salo L. Zelermyer, BBO#661228<br>GREENBERG TRAURIG, LLP<br>One International Place, 20th Floor<br>Boston, MA  02110<br>Tel: (617) 310-6000<br>Fax: (617) 310-6001 | Harley I. Lewin (HL 1819)<br>GREENBERG TRAURIG, LLP<br>200 Park Avenue, 20th Floor<br>New York, NY 10166<br>(212) 801-9200<br>(Application for admission Pro Hac Vice pending)<br><br>Katherine Compton<br>GREENBERG TRAURIG, LLP<br>State Bar No. 04652100<br>600 Three Galleria Tower<br>13155 Noel Road<br>Dallas, Texas 75240<br>Telephone: (972) 419-1250<br>Facsimile: (972) 419-1251<br>(Application for admission Pro Hac Vice pending) |
|---|---|
| City Sports, Inc.<br><br>By its attorneys,<br><br>*/s/ Robert B. Lovett*<br>―――――――――――――――<br>Robert B. Lovett, BBO #561691<br>SEYFARTH SHAW, LLP<br>World Trade Center East<br>Two Seaport Lane<br>Suite 300<br>Boston, MA 02210-2028<br>Tel: (617) 946-4800<br>Fax: (617) 946-4801 | |

DATED this 1st day of June, 2005.

4

5

SO ORDERED:

By: ___*Douglas P. Woodlock*___
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF
MASSACHUSETTS

DATED this __2d__ day of June, 2005.

9:20 a.m.

bos-srv01\165228v01